In re TWINING.

(District Court, E. D. Pennsylvania.  March 10, 1911.)

No. 3,797.

BANKRUPTCY (§ 188*)—PERSONAL PROPERTY—PLEDGE—VALIDITY—RIGHTS OF TRUSTEE.

A bankrupt procured automobiles to be consigned to him, with drafts attached to the bill of lading. The drafts were paid by claimant bank, after receiving the bankrupt's collateral note pledging the automobiles covered by the bills in accordance with their specific numbers; the bank authorizing the bankrupt to sell the machines, he being expected, though not bound, to pay $1,000 on his note for each car sold. At bankruptcy he had in his possession an automobile so pledged, which had not been sold, but had been used by the bankrupt for about two years as a demonstrator. Held, that under the Pennsylvania rule the pledge, being free from fraud, was good against all except creditors of the bankrupt who

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had acquired a lien by levy or attachment of the property while in the bankrupt's possession, and was therefore good as against the bankrupt's trustee, who took title subject only to the superior right of the pledgee, as provided by Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 566 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*]

In the matter of bankruptcy proceedings against Thomas M. Twining. On certificate of referee to review an order awarding an automobile purchased by the bankrupt to the Fox Chase Bank as pledgee. Affirmed.

Bertram D. Rearick, for trustee.
George W. Harkins, Jr., for claimant.

J. B. McPHERSON, District Judge. The facts out of which this controversy arises may be summarized as follows:

The bankrupt was a seller of automobiles in Philadelphia, and had in his possession when the petition was filed a car that had been used for about two years as a demonstrating machine. The Fox Chase Bank claimed it as pledgee, and the referee (Theodore M. Etting) allowed the claim and ordered the trustee to deliver the car. When the bankrupt began business he was without capital, and made the following arrangement with the manufacturer and the bank: Cars were shipped to him, consigned to the manufacturer's order. The bill of lading properly indorsed was attached to a draft on the bankrupt. The bank received the draft and the bill of lading from the bankrupt, with his collateral note pledging the specific cars by numbers, and then paid the draft. Thereupon the bill of lading was delivered to the bankrupt and he received the cars from the railroad. The bankrupt had not only the power arising from possession, but had express authority from the bank, to sell the cars for any price agreed upon with purchasers; but he was expected, although not bound, to pay $1,000 on his note for each car sold. The car in question had been in the bankrupt's possession since February, 1909, and had been used frequently for demonstrating purposes. It had never been in the actual possession of the bank. The collateral note was renewed several times, and has not been paid. The real transaction was undoubtedly a loan by the bank to the bankrupt, secured by the pledge of a specific car, and was free from fraud.

The dispute is not affected by the amendments of June 25, 1910 (Act June 25, 1910, c. 412, 36 Stat. 838). Under the Pennsylvania law then in force it is clear, I think, that the transaction was valid between the bankrupt and the bank. No fraud in fact existed, and therefore the trustee acquired no more than the bankrupt's right, as the Court of Appeals for the Third Circuit has decided in Davis v. Crompton, 158 Fed. 735, 85 C. C. A. 633, 20 Am. Bankr. Rep. 53. The question there arose between the vendor and the trustee of a bankrupt vendee under a contract of conditional sale; but the same principles should govern where the contract is a pledge or mortgage of personal property, and the question arises between the pledgee

and the trustee of the bankrupt pledgor. If it is good between the parties in one case, it is good in the other, and upon the authority of the foregoing decision the rule to be now applied is this:

The title of the pledgee in a Pennsylvania contract of pledge, free from fraud, until payment of the debt for which the property is pledged, is good against all the world, except the creditors of the pledgor who may have acquired a lien by levy or attachment of the property while it was in the possession of the pledgor, and under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 566 (U. S. Comp. St. 1901, p. 3451), his trustee takes title, subject to the superior title of the pledgee.

The order of the referee is affirmed.